UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BURRELL, CHARLES, and ) | |
| BURRELL, CELESTE, ) | |
| ) | CASE NO. 10-73493 |
| DEBTORS. ) | |

## CHAPTER 13 FIRST AMENDED PLAN

I. **PROPERTY AND FUTURE EARNINGS**

   The future disposable earnings of the Debtors or such portion thereof, as is necessary for the execution of this Chapter 13 Plan, are submitted to the supervision of the Chapter 13 Trustee, as follows:

   A. Future disposable earnings: $593.31 per month for the duration of the Plan.

   B. Other property: 2010 and subsequent federal and state income tax refunds in excess of $1,500, if any.

II. **DURATION OF PLAN**

   The payments provided above shall be on behalf of the Debtor by the Trustee for a period of sixty (60) months.

III. **CLASSIFICATION AND TREATMENT OF CLAIMS**

   A. **Priority claims**. The following claims are entitled to priority under 11 U.S.C. 507 in the following amounts:

   1. **Attorney's Fees**. Fees in the amount of $900.00 have been paid. The balance of the fees in the sum of $2,100.00 will be paid through the Plan. Any additional fees as allowed by the Court.

   2. **Trustee's fees & expenses**. As determined by the Attorney General pursuant to 28 U.S.C. 586(e) and as allowed by the Court.

   3. **All other Section 1322(a)(2) and Section 1305(a)(1) Bankruptcy Code** claims allowed shall be paid in full by deferred payments in

    such priority and installments as the Trustee in his sole discretion deems appropriate.

 B. **Secured Claims** –Residential Real Estate.

  1. A first mortgage and note in the amount of $99,015.00 held by Chase Home Lending ("Chase") and secured by Debtors' residence, shall be paid by Debtors to Chase as provided in the note and security agreement supporting non-avoidable liens.

  2. The second mortgage and note held by First Bankers Trust ("Bank") in the amount of $12,291.11 and secured by Debtors' residence, shall be paid by Debtors to Bank as provided in the note and security agreement supporting non-avoidable liens.

 C. **Secured Claims**-Personal Property

  1. Bank of America has a purchase money security interest in the Debtors' Glendale Titanium 5th Wheel in the amount of $57,545.29 and shall be paid as provided in the note and security agreement supporting non-avoidable liens by the Debtors.

  2. Harris Bank has a purchase money security interest in the Debtors' 2007 Volkswagon Jetta in the amount of $6,701.14 and shall be paid as provided in the note and security agreement supporting non-avoidable liens by the Debtors.

 D. **Unsecured Claims.** After payment to all unsecured priority creditors pursuant to this plan, the Trustee shall pay dividends of 52%, prorata on all claims to all other unsecured creditors in full satisfaction thereof.

IV. **PLAN ANALYSIS**

Total payment provided for in the Plan:

 A. Priority Claims.
  1. Unpaid Attorney's fees  $ 2,100.00
  2. Trustee's fees  $ 3,559.86
 B. Unsecured Claims  $ 29,938.74
TOTAL PAYMENTS  $ 35,598.60

V. **GENERAL PROVISIONS**

2

A. **Tax Returns & Refunds.** The Debtor(s) is (are) required to turn over to the Trustee 100% of all federal and state income tax refunds in excess of $1,500.00 received by them during the term of the plan, excepting only any federal income tax refund constituting earned income credit. The Debtor(s) is (are) required to provide the Trustee with copies of both the federal and state income tax returns, including all schedules filed, within 15 days of filing and in no case later than April 15th of each year of the plan. The refunds will be added to the base amount in order to increase the percentage of payback to unsecured creditors.

B. **Lien avoidance.** Debtor hereby elects to avoid the fixing of liens pursuant to section 522(b) of the bankruptcy code. All secured creditors, except those whose liens are avoidable pursuant to provisions of section 522(b), shall retain their liens until paid as provided by this plan.

C. **Effective Date of Plan.** The effective date of this plan will be the date of the order confirming the plan.

D. **Property of the Estate.** Property of the estate will vest in the Debtor at the time of confirmation of the plan, unless otherwise stated in the order confirming the plan.

E. Debtor will be able to make all payments and comply with all provisions of the plan, based on the availability to the Debtor of the income and property the Debtor proposes to use to complete the plan.

F. This plan complies with the provisions of Chapter 13 and all other applicable provisions of the Bankruptcy Code. Any fee, charge or amount required to be paid under the United States Bankruptcy Code or required by the plan to be paid before confirmation has been paid or will be paid prior to confirmation. The plan has been proposed in good faith and it is not by any means forbidden by law.

G. In the event the number of creditors filing proofs of claim is less than the number of creditors in the Debtors' Petition, or the amount of the individual claims are less than as stated in the Petition, the Trustee shall distribute all of the proceeds of the Debtors' plan to those creditors whose claims have been allowed, but not to exceed 100% of the amount of any claim.

H. The Trustee shall make no payment in a denomination less than $15.00 and is authorized to accumulate funds for creditors in order to not make any payments less than $15.00.

I. The Trustee need not file an objection to any late filed claim, but said claim shall be automatically barred except if said creditor obtains an order to the contrary.

3

  J. This case is filed as a joint Debtors case and the Debtors estate shall be fully consolidated for purposes of administration.

DATED:  January 10, 2011        /s/ Charles Burrell
                   Charles Burrell

                  /s/ Celeste Burrell
                   Celeste Burrell

 /s/ RaNae A. Dunham Inghram
RaNae A. Dunham Inghram
INGHRAM & INGHRAM
Attorneys at Law
529 Hampshire Street, Suite 409
Quincy, Illinois 62301
Telephone: 217-222-7420
Facsimile:  217-222-1653
E-mail:  Inghram@inghramlaw.com
Attorneys for Debtors

4

**CERTIFICATE OF SERVICE**

    I, RaNae A. Dunham Inghram, certify that the following were served copies of the foregoing Chapter 13 First Amended Plan via the Court's Electronic Noticing System on January 11, 2011:

U. S. Trustee

John H. Germeraad, Chapter 13 Trustee

    I, RaNae A. Dunham Inghram, further certify that on January 11, 2011, I served copies of the foregoing Chapter 13 First Amended Plan by depositing true and correct copies of same in a United States Post Office Box, located at 6th & Hampshire Streets, Quincy, Illinois, enclosed in envelopes with proper postage prepaid, addressed to the following:

American General Finance
4360 Broadway
Quincy, IL 62301

Art & Maureen Brockup
404 East Ave.
Sewaren, NJ 07077

Bank of America
PO Box 17054
Wilmington, DE 19850

Bank of Bolivar
495 S Springfield Ave.
Bolivar, MO 65613-2147

Best Buy/HSBC
PO Box 5250
Carol Stream, IL 60197-5250

Chase
PO Box 15298
Wilmington, DE 19850-5298

Chase Home Lending
P.O. Box 24696
Columbus, OH 43224-0696

Douglas, Haun & Heidemann
Attorneys at Law
PO Box 117
Bolivar, MO 65613-0117

First Bank
636 Hampshire St.
Quincy, IL 62301

First Bankers Trust
PO Box 3566
Quincy, IL 62305

Harris Bank
PO Box 6201
Carol Stream, IL 60197-6201

Home Depot/Citigroup
PO Box 653000
Dallas, TX 75265-3000

JP Morgan Chase Bank
131 South Dearborn, Floor 5
Chicago, IL 60603

US Cellular
PO Box 7835
Madison, WI 53707-7835

                                                                                          _/s/ RaNae A. Dunham Inghram_____
                                                                                            RaNae A. Dunham Inghram #6301614